**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Criminal No. 05-187 (RHK/JSM) |
| | Civil No. 07-1899 (RHK) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Bola Olugbenga Aiyese, | |
| Defendant. | |

---

In this proceeding, Defendant alleges that he was denied effective assistance of counsel for her failure to file a notice of appeal of his sentence. Pursuant to a written Plea Agreement, Defendant entered guilty pleas to seven (7) counts of a multi-count Indictment. He was sentenced to 70 months in prison, the low end of the applicable Guidelines range; the Guidelines range was consistent with that contemplated by the Plea Agreement.

At his sentencing, this Court expressly advised Defendant of his right to appeal his sentence and that he had ten days to file an appeal.

> THE COURT: If you or your lawyer or some other lawyer are of the view that the sentence is not a reasonable sentence or that there's something illegal about it, something wrong, you have the right to challenge that sentence by taking an appeal to another Federal Court. It's what we call the Eighth Circuit Court of Appeals. That Court reviews the decision of trial courts such as this.
> If you're going to take an appeal, it must be taken within 10 days of the – within 10 days of the date that the judgment is entered in this case. That judgment is going to be entered today, so you should probably assume that that ten days is running as of today. If you let the ten days go by without filing that Notice of Appeal, you will have given up or waived your right to appeal or challenge the sentence.
> You're entitled to be represented by a lawyer in connection with any appeal of the sentence, and if you cannot afford a lawyer, the Court will appoint a lawyer to represent you. Do you understand that?

THE DEFENDANT: Yes.

At the Government's request, the Court conducted an evidentiary hearing to address the issue of whether Defendant directed his counsel to file a notice of appeal. At that hearing, Defendant's father and mother testified, as did defense counsel.

It is clear to the undersigned, based on the testimony admitted, that neither the Defendant himself, nor his parents, directed counsel to file a notice of appeal on Defendant's behalf. The Court credits the testimony of counsel that she received no directive to file an appeal and, if she had been so instructed, an appeal would have been filed. She had advised Defendant and his family, immediately following sentencing, of his appeal rights and the time requirement for filing a notice of appeal. The most that can be said about the evidence is that Defendant and his parents wanted to discuss the issue of a possible appeal with counsel and made several unsuccessful attempts to contact her. But nowhere in the record, or in the Petition itself, is there any claim that a request to file a notice of appeal was ever communicated to counsel.

Based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED** that the Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Criminal No. 05-187, Doc. No. 69; Civil No. 07-1899, Doc. No. 1 ) is **DENIED**.

Date: August 2, 2007

                                                  s/Richard H. Kyle  
                                                  RICHARD H. KYLE  
                                                  United States District Judge